UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re: DIANA L. BARKER,            Case No: 09-37732-DOT
                                               Chapter 7
           Debtor,

STEVEN P. HICKS,

           Plaintiff,
v.                                                   Adversary Proceeding
                                                   No: _____
DIANA L. BARKER,

           Defendant.

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Comes now, STEVEN P. HICKS ("Hicks"), by counsel, Plaintiff herein, and for his Complaint To Determine Dischargeability Of Debt, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is a resident of Chesterfield County, Virginia and is a creditor of the Debtor, DIANA L. BARKER.

2. DIANA L. BARKER (the "Debtor") is an individual currently residing in Chesterfield County, Virginia.

3. On November 23, 2009 (the "Petition Date"), the Debtor filed a petition under Title 11 of the United States Code (the "Bankruptcy Code") in this Court, thereby initiating the above-styled Chapter 7 case (the "Chapter 7 Case").

4. This is an adversary proceeding brought in the Chapter 7 Case pursuant to Bankruptcy Code §523(a)(2), and (a)(4), and (a)(6), and Rules 4004, 4007, and 7001 of the Federal Rules of Bankruptcy Procedure.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1334, and venue is proper pursuant to 28 U.S.C. §1408 and 1409.

6. This matter is a "core" proceeding as set forth under 28 U.S.C. §157.

## BACKGROUND FACTS

### The Debtor's Pre-Petition Actions

7. STEVEN P. HICKS is a Creditor of the Debtor holding a valid claim of Sixty-Two Thousand, Nine Hundred and Fifty-Five Dollars and 30 cents ($62,955.30), plus Forty-Four Thousand, One Hundred and Fifty-Three Dollars ($44,153.00) in Attorney's Fees plus interest from July 23, 2008.

8. STEVEN P. HICKS obtained a judgment for the Debt in the Chesterfield County Circuit Court on or about July 25, 2008 (the "Judgment"). A copy of the Judgment prepared by the Chesterfield Circuit Court is attached as **Exhibit A.**

9. A copy of the transcript related to the Circuit Courts decision is attached as **Exhibit B.**

10. The Plaintiff and the Debtor resided together many years and eventually purchased a home together at 14106 Whirlaway Mews, Chesterfield, Virginia.

11. The parties agreed to deposit their incomes into a joint account for the payment of the house Note and other household expenses. The debtor, DIANA L. BARKER, had control of this joint account.

12. The evidence presented to the Chesterfield Circuit Court was that the Debtor represented falsely that the household expenses would be allocated equally and paid out of the account to which each party would contribute equally. The Circuit Court found that the Debtor made this representation, intentionally, knowingly, and with intent to mislead.

13. The Court found that despite her representations, the Debtor did not contribute to the account equally and, in fact, only contributed $3,500.00 to the account. Whereas, the Plaintiff contributed in excess of $150,000.00.

14. The Court found that Mr. Hicks' relied on the Debtor's representations and was damaged by her representations.

15. The Court found that the Debtor intentionally defrauded the Plaintiff and was guilty of conversion of the Plaintiff's personal funds and tax refunds.

16. The Court found that the Debtor perpetrated actual fraud on the Plaintiff.

## COUNT I

### The Debt is nondischargeable pursuant to 11 U.S.C. §523(a)(2)

17. The allegations in paragraphs 1 through 16 are incorporated in this County I as if restated in their entirety.

18. The Debtor engaged in false pretenses, false representations and actual fraud by representing that she was depositing equal funds into a joint account with the Plaintiff and that all household expenses were being paid equally by the Plaintiff and herself.

19. The Debt was incurred through false pretenses, false representations and actual fraud and is nondischargeable pursuant to 11 U.S.C. §523(a)(2).

## COUNT II

### The Debt is nondischargeable pursuant to 11 U.S.C. §523(a)(4).

20. The allegations in paragraphs 1 through 16 are incorporated in this Count II as if restated in their entirety.

21. The Debtor, while acting in a fiduciary capacity, defrauded the Plaintiff by embezzling or stealing the funds he deposited into the joint account for her own benefit.

22. The Debtor's use of the proceeds of the joint account for her own personal purposes constituted fraud or defalcation while acting in a fiduciary capacity.

23. The Debt is nondischargeable pursuant to 11 U.S.C. §523(a)(4).

### COUNT III

### The Debt is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

24. The allegations in paragraphs 1 through 16 are incorporated in this Count III as if restated in their entirety.

25. The Debtor has knowingly, intentionally, willfully, maliciously, and with fraudulent intent caused injury to the Plaintiff by her false representations, embezzlement, and actual fraud.

26. The Debt is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

STEVEN P. HICKS

By:  /s/ Richard O. Gates
     Counsel

Richard O. Gates, Esquire VSB #13857
P.O. Box 187
Chesterfield, VA 23832
Telephone: 804-748-0382
Telecopier: 804-748-6349
*Counsel To Steven P. Hicks*

VIRGINIA:  *Exhibit A*

IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD

STEVEN P. HICKS,   PLAINTIFF,

V.   CASE NO.: 07-1149 (partition)
    07-1150 (contract)

DIANA L. BARKER,   DEFENDANT.

## JUDGMENT AND FINAL ORDER

**On the 25th day of July, 2008,** came Steven P. Hicks ("Mr. Hicks"), in person and by counsel, and Diana L. Barker ("Ms. Barker"), in person and by counsel, for a hearing to receive the Court's final ruling on the merits of the case. A copy of the transcript of the Court's ruling is attached hereto as **Exhibit A.** Thereafter, on the 9th day of September, 2008, came Steven P. Hicks, by counsel only, and Diana L. Barker, by counsel only, for a telephone conference hearing to receive the remainder of the Court's final ruling.

After considering the evidence presented *ore tenus*, the exhibits received into evidence, and the argument of counsel, it appearing proper to do so, it is hereby **ORDERED, ADJUDGED, AND DECREED,** as follows:

1. **PARTITION COMPLAINT:** The Court hereby awards Steven P. Hicks sole ownership of the real estate

    located in Chesterfield County, known as 14106 Whirlaway Mews, Midlothian, Virginia, 23112 ("Subject Property"). It is **ORDERED** that this order hereby extinguishes any and all ownership interest Diana L. Barker may have in the Subject Property, which now hereby belongs solely and exclusively to Steven P. Hicks. A copy of this order shall be recorded by the **Clerk of the Circuit Court** in the appropriate land records for the County of Chesterfield. Recordation of this order shall be sufficient to establish title of the Subject Property being solely in the name of Steven P. Hicks effective on the date of entry of this order. Mr. Hicks shall hold Ms. Barker harmless as to any claims arising from the loan currently taken on the Subject Property.

2. **FRAUD COMPLAINT**: The Court finds, by clear and convincing evidence, that Ms. Barker intentionally defrauded Mr. Hicks in the following amounts: FIFTY-EIGHT THOUSAND SEVEN HUNDRED AND SIX DOLLARS AND TWENTY CENTS ($58,706.20) for overpayment of expenses and FIFTY-TWO THOUSAND TWO HUNDRED AND FORTY-NINE DOLLARS AND TEN CENTS ($52,249.10) for conversion

of Mr. Hicks' personal funds and tax returns, which together total ONE HUNDRED AND TEN THOUSAND, NINE HUNDRED AND FIFTY-FIVE DOLLARS AND THIRTY CENTS ($110,955.30). However, this total amount must be reduced by FORTY-EIGHT THOUSAND DOLLARS ($48,000.00), which represents Ms. Barker's equity in the Subject Property. Therefore, Mr. Hicks is entitled to judgment in the net amount of SIXTY-TWO THOUSAND NINE HUNDRED AND FIFTY-FIVE DOLLARS AND THRITY CENTS ($62,955.30) as compensatory damages.

3. **ATTORNEY'S FEES**: The Court finds that Mr. Hicks is entitled to reimbursement from Ms. Barker for attorney's fees and costs in the total amount of FORTY-FOUR THOUSAND ONE HUNDRED AND FIFTY-THREE DOLLARS ($44,153.00).

In summary, the Court hereby enters **JUDGMENT** against Diana L. Barker, and in favor of Steven P. Hicks, in the amount of **ONE HUNDRED AND SEVEN THOUSAND, ONE HUNDRED AND EIGHT DOLLARS AND THIRTY CENTS ($107,108.30)**, calculated as follows: $62,955.30 (compensatory damages) + $44,153.00 (attorney's fees and costs).

The **Clerk of Court** shall (a) docket a copy of this judgment against Diana L. Barker in the appropriate

records, (b) record this order in the appropriate land records and chain of title for the Subject Property, and (c) send a certified copy of this order to counsel.

It is so **ORDERED** and this matter is final.

ENTER: 12 / 17 /2008

_____
Michael C. Allen, Judge

I ASK FOR THIS:

_____
Richard Charles Ferris II, Esq.
Ferris and Ferris, P.C.
Post Office Box 294
Chesterfield, Virginia 23832
768-2252
768-8166 fax
VSB #36322

A COPY TESTE:
JUDY L. WORTHINGTON, CLERK
BY _____
DEPUTY CLERK

SEEN AND OBJECTED TO FOR THE
REASONS ON THE RECORD:
*PURSUANT TO RULE 1:13 OF THE RULES OF THE SUPREME COURT OF VIRGINIA, THE COURT DISPENSES WITH ENDORSEMENT BY MR. JONES*
Brian H. Jones, Esq.
Barnes & Diehl, P.C.
9401 Courthouse Road - Suite A
Chesterfield, Virginia 23832
Firm Telephone: (804) 796-1000
Facsimile: (804) 796-1730
VSB #_____



# EXHIBIT A

Exhibit B

1

VIRGINIA

COPY

IN THE CIRCUIT COURT OF THE COUNTY OF CHESTERFIELD

---------------------------------

DIANA L. BARKER            )
                           )
                           )
VS                         )
                           )
                           )
                           )
STEVEN P. HICKS            )

---------------------------------

Complete transcript of the testimony and other incidents in the above, when heard on July 25, 2008, before the Honorable Michael C. Allen, Judge.

Crane-Snead & Associates, Inc.

93ffa22f-a155-4198-b64c-78b5b1266bb4

2

1  APPEARANCES:

2

3  BRIAN JONES, Esq.

4  9401 Courthouse Road

5  Chesterfield, Virginia 23832

6  Counsel for Diana L. Barker

7

8  RICK C. FERRIS, Esq.

9  10321 Memory Lane

10  Chesterfield, Virginia 23832

11  Counsel for Steven P. Hicks

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1  THE COURT: Thank you for attending
2  this afternoon, all of you, so the Court can
3  deliver to you its findings in this matter.
4  I'm appreciative of your willingness to come
5  out on Friday afternoon to do that, and I
6  hope this has accomplished the intended
7  purpose of getting a rule to you more
8  promptly than would have been the case had
9  the Court been required to take the time to
10  issue a letter opinion.
11  Mr. Ferris, at the conclusion of my
12  remarks I'm going to request that you prepare
13  a sketch for order reflecting the findings of
14  the Court. So I will ask you to have your
15  pencil sharpened.
16  MR. FERRIS: Ready, sir.
17  THE COURT: There are several issues
18  before the Court in this litigation. I will
19  first address the request for partition of
20  the real estate known as 140106 World Away
21  Mews. After considering the testimony of the
22  parties and their witnesses and all the other
23  evidence presented and taking into account
24  the arguments advanced on behalf of each of
25  the parties by counsel, the Court will award

4

```
 1    that property which the Court values at
 2    $205,000 to Mr. Hicks.  Evidence at trial
 3    leads the Court to the conclusion that equity
 4    in the home is approximately equal to the sum
 5    of $98,000.  In an action of partition for
 6    real property there is still a presumption in
 7    the value of the property to be divided
 8    equally between the parties based on the
 9    ownership interest.  So here there is a
10    presumption that each party should receive
11    half of the $98,000 of equity or $49,000.
12    However, the evidence established that Mr.
13    Hicks deposited an initial sum of $1,000
14    toward the purchase of the home.  So the
15    Court will award him that equity in addition
16    to his one half share.  And while the case
17    law states that a party is entitled to a
18    rateable contribution on any reduction of
19    lien on the property at issue, the Court is
20    unable to assess, based on the evidence
21    presented, the amount by which the mortgage
22    payments made by Mr. Hicks curtail the lien
23    on the home, and I'm therefore unable to make
24    any ruling based on that principle of law.
25    The conclusion here is that Mr. Hicks is
```

| | |
|---|---|
| 1 | awarded $50,000 as his equity in the home and |
| 2 | Ms. Barker is awarded $48,000. Mr. Hicks did |
| 3 | present an argument to the Court, the two |
| 4 | year old claim, that he was due additional |
| 5 | moneys representing rental income as a result |
| 6 | of Ms. Barker's daughter and her friend, |
| 7 | Chuck, residing in the property. I do not |
| 8 | find that the law regarding exclusion of qui |
| 9 | (inaudible) is applicable in this case |
| 10 | because Mr. Hicks was not excluded from the |
| 11 | home. He always had access, had a key, was |
| 12 | able to occupy his own room and make use of |
| 13 | common living area even though he chose not |
| 14 | to for reasons that might be understandable. |
| 15 | With respect to the fraud claim, |
| 16 | after a very careful review of the evidence |
| 17 | that's been presented and again considering |
| 18 | the testimony and evidence given at trial, |
| 19 | the depositions, argument, briefs of counsel, |
| 20 | the Court finds Mr. Hicks has established by |
| 21 | clear and convincing evidence that Ms. Barker |
| 22 | perpetrated an actual fraud. The evidence |
| 23 | shows Ms. Barker made a false representation |
| 24 | of material facts, namely that she would |
| 25 | allocate the joint expenses equally. Those |

| | |
|---|---|
| 1 | expenses would be paid out of a joint |
| 2 | account.  Each would make equal contribution. |
| 3 | The evidence shows Ms. Barker made this |
| 4 | representation intentionally, knowingly and |
| 5 | with intent to mislead.  She consistently |
| 6 | ill-informed Mr. Hicks he needed to increase |
| 7 | his deposits into the joint account |
| 8 | supposedly to cover his half of joint |
| 9 | expenses or increase in joint expenses, and |
| 10 | she made -- and the Court finds -- those |
| 11 | requests in full knowledge in their agreement |
| 12 | that the joint expenses were to be paid out |
| 13 | of that account to which she was supposedly |
| 14 | making equal contribution.  The evidence |
| 15 | established that through the course of the |
| 16 | parties' relationship while they were living |
| 17 | at the home Ms. Hicks deposited only the sum |
| 18 | of $3,500 or thereabouts in comparison to |
| 19 | what Mr. Hicks deposited to that account |
| 20 | which exceeded $150,000 and did not -- simply |
| 21 | which I don't think was without Ms. Barker's |
| 22 | express knowledge.  It is also clear to note |
| 23 | that Mr. Hicks relied on Ms. Barker's |
| 24 | representations that she would calculate |
| 25 | payment of the bills per their agreement and |

1       that he was actually damaged by her

2       misrepresentations.

3               I'm not persuaded by Ms. Barker's

4       argument Mr. Hicks is barred from recovery on

5       the fraud action due to lack of due

6       diligence.  My understanding of the law of

7       the Commonwealth is that a determination of

8       whether due diligence has been exercised must

9       be ascertained by examination of the facts

10      and circumstances particular to each case.

11      In this case I conclude, after considering

12      the testimony and the evidence, that Mr.

13      Hicks' knowledge and financial affairs at the

14      creation and during the duration of their

15      agreement was woefully lacking and that

16      throughout his relationship with Ms. Barker

17      he relied on her and he trusted her not only

18      to pay the bills as agreed but also to keep

19      him informed of any financial issues or needs

20      in accordance with their agreement.  Based on

21      those findings the Court will award judgment

22      to Mr. Hicks and in the amount of $58,706.20,

23      which is the amount he overpaid into the

24      joint account.  And the Court will award

25      additional compensatory damages to Mr. Hicks

8

1   in the amount of $52,249.10. I come to that
2   calculation by including the funds expended
3   from the joint account on items other than
4   joint expenses, specifically debit card
5   transactions which total $11,957.80 and check
6   transactions which total $12,454.45, and I
7   also include the moneys that were withdrawn
8   by Ms. Barker at the point of the parties
9   breakup which total $6,341.02; and, finally,
10  the tax refunds to Mr. Hicks amounting to
11  $21,495.83 which were never placed in the
12  parties' joint account in accordance with
13  their agreement to do so. I will decline to
14  award any additional damages based on the
15  funds borrowed out of the equity line which
16  equal $36,000 or based on rental income, and
17  decline to do so based on the facts that I
18  previously enumerated. This amounts to a
19  total judgment against Ms. Barker in favor of
20  Mr. Hicks in the amount of $110,955.30. If
21  Ms. Barker's equity in the property is
22  credited against that equity of $48,000, then
23  the net sum that she will be required to pay
24  Mr. Hicks is $62,955.30. Given that the
25  plaintiff has prevailed on the fraud claim

9

1    and recovered damages on that theory of the
2    case the Court does -- need not and does not
3    address the contract claim.
4         I note Ms. Barker's exceptions to
5    the rulings of the Court.
6         And I will ask, Mr. Ferris, that you
7    prepare a judgment order consistent with the
8    opinion that the Court has delivered today.
9    And I trust if I went to fast you have the
10   transcript to refer to.  Would 21 days be
11   sufficient time?
12         MR. FERRIS:  That would be fine,
13   sir.
14         THE COURT:  I do that again noting
15   Mr. Jones' exception.  I want to thank each
16   of you for your customary diligence and
17   professionalism in presenting the case and in
18   arguing your client's positions.  Have a good
19   weekend.
20         MR. JONES:  Thank you, Judge.
21         MR. FERRIS:  Thank you.
22         THE COURT:  Thank you.
23
24
25